UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


PHILLIP MOCEK,

    Plaintiff,

vs.                                                        Case No:11-1009 BB/KBM

CITY OF ALBUQUERQUE,
ALBUQUERQUE AVIATION POLICE DEPARTMENT,
MARSHALL KATZ, in his official capacity as Chief of Police of
The Albuquerque Aviation Police Department,
JONATHAN BREEDON, GERALD ROMERO,
ANTHONG SCHREINER, ROBERT F. DILLEY a/k/a BOBBY DILLEY,
LANDRA WIGGINS, JULIO DE LA PENA, and DOES 1-25 inclusive,

    Defendants.


## DEFENDANTS CITY OF ALBUQUERQUE, ALBUQUERQUE AVIATION POLICE DEPARTMENT, MARSHALL KATZ, ROBERT F. DILLEY, LANDRA WIGGINS, and JULIO DE LA PENA'S ANSWER TO COMPLAINT

    **COME NOW**, Defendants,The City of Albuquerque, Albuquerque Aviation Police Department, Marshall Katz, Robert F. Dilley, Landra Wiggins, and Julio De La Pena ("City Defendants"), by and through their attorneys of record Jeffrey L. Baker and Renni Zifferblatt (The Baker Law Firm), and hereby submit their answer to Plaintiff's Complaint.

    1. City Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 1 of the Complaint and therefore deny the same. Furthermore, the allegations contained in this paragraph are irrelevant to the claims at issue in this case.

2.     City Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 2 of the Complaint and therefore deny the same.

3.     Airport Defendants are without knowledge or information sufficient to form a belief as to the veracity of Plaintiff's alleged intent on November 15, 2009, Plaintiff's previous actions in relation to showing his identification to TSA agents, or his reasons for utilizing his video camera on November 15, 2009, and therefore deny the same. Moreover, these allegations are irrelevant to the claims at issue in this case. City Defendants acknowledge that Plaintiff turned his video camera on at some point during his exchange with TSA agents and began filming. City Defendants deny that Plaintiff captured the entire conversation with TSA agents or Aviation police on his camera on November 14, 2009, but note that the video in question, which Plaintiff references throughout the Complaint, was posted on both You Tube at http://www.youtube.com/watch?v=Pc5DBUK1K8M and another website: http://papersplease.org/wp/mocek/, sometime after this video was recorded.

4.     City Defendants are without knowledge or information sufficient to form a belief as to the veracity of the allegation regarding TSA's attitude towards Plaintiff's filming at the security checkpoint of the airport, or that Plaintiff "calmly refused" to stop filming, and therefore deny the same. City Defendants acknowledge that TSA agents contacted Albuquerque Aviation police for assistance after their initial discussion with Plaintiff at the security checkpoint.

5.     City Defendants are without sufficient knowledge or information to form a belief as to the veracity of the allegations that Plaintiff was in public accessible areas of the airport "at all times," that Plaintiff remained calm and restrained during this encounter, or that TSA agents became increasingly agitated, and therefore deny the same.

6.     City Defendants acknowledge that Albuquerque Aviation police arrived at the security checkpoint and advised Plaintiff several times that he was required to comply with TSA rules and regulations or he would have to leave the airport. City Defendants deny that the TSA instructions were "unwarranted" or that Plaintiff was told he had to leave the airport specifically because Plaintiff stated that he had the right to film the area. Plaintiff was told he would have to leave the airport because he refused to comply with TSA's instructions that he put his video camera down temporarily while the TSA attempted to verify Plaintiff's identity through alternative means so that he could proceed through security and fly out of the airport. Defendants deny that Plaintiff followed police instructions. City Defendants admit that Plaintiff was asked to show his identification, and was subsequently advised that his conduct amounted to disturbing of the peace, requiring that he show his identification as a routine practice when an investigation ensues.

7.     City Defendants admit that Plaintiff was arrested for the four crimes set forth in paragraph 7 of the Complaint, but deny that Plaintiff's video camera was "searched" and/or that the police deliberately deleted its contents.

8.     City Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.     City Defendants are without information or knowledge sufficient to form a belief as to the veracity of the allegation that Plaintiff restored the contents of his video camera and therefore deny the same. Defendants deny that Aviation police tampered with his video camera in any way, or that the video which appears to depict a portion of Plaintiff's interaction with TSA agents and Aviation police demonstrate that the charges brought against Plaintiff were baseless. City Defendants acknowledge, upon information and belief, that it appears that the jury sitting in Plaintiff's criminal case was shown the video and further acknowledge that Plaintiff was

acquitted of the charges brought against him. Defendants are without sufficient information or knowledge to form a belief as to the length of time that the jury deliberated and therefore deny the same.

10.     City Defendants acknowledge that the relief Plaintiff seeks in paragraph 10 of his Complaint is requested in Plaintiff's prayer for relief.

11.      City Defendants acknowledge that Plaintiff brings this lawsuit under the statutory provisions described by Plaintiff in paragraph 11 of the Complaint.

12.     City Defendants acknowledge that this Court has jurisdiction to consider Plaintiff's claims under 28 U.S.C. §§1331-1332, and 42 U.S.C. § 1983, as set forth in paragraph 12 of Plaintiff's Complaint. City Defendants are without sufficient information or knowledge to form an opinion as to the veracity of Plaintiff's jurisdictional claim made under 28 U.S.C. §1343 based on the allegations contained in the Complaint, which do not appear to provide a basis for the invocation of this statute, and therefore deny the same. City Defendants deny that this Court has jurisdiction under 28 U.S.C. §§2201-02, pursuant to the actual case or controversy requirement of the Declaratory Act and mootness doctrine. City Defendants further deny that <u>Bivens v. Six Unknown Named Agents</u> applies to the claims brought against them because that case is not applicable to City Defendants. City Defendants acknowledge that as a general matter supplemental jurisdiction over state claims may be found under 28 U.S.C.§1367(A) but deny the viability of any state claims in this case pursuant to NMSA (1978) §41-4-16.

13.     City Defendants deny that any unlawful acts occurred but acknowledge that Plaintiff's Complaint involves an incident that occurred in Bernalillo County, New Mexico and that venue is proper on that basis.

14. City Defendants deny that Plaintiff has complied with NMSA §41-4-16 of the New Mexico Tort Claims Act (Notice Provision). Upon information and belief, Plaintiff's written tort claim notice was submitted on April 11, 2011, long after the ninety day window closed.

15. City Defendants are without sufficient knowledge or information to form a belief as to the veracity of Plaintiff's residency at the time of the incident and therefore deny the same.

16. City Defendants admit the statements contained in ¶¶s 16-18 as they relate to the identity and description of Defendant City, Defendant Aviation Police Department, and Defendant Chief Katz. The capacity by which Chief Katz is being sued is a legal conclusion which does not require a response. City Defendants do not have sufficient information or knowledge to form a belief as to the veracity of the allegations involving the Doe Aviation Police officers and therefore deny the same.

19. City Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained in ¶¶19-21 and therefore deny the same.

20. City Defendants admit the allegations in ¶¶22-24 in that City Defendants Dilley, Wiggins, and De la Pena are or were officers of the Albuquerque Aviation Police and were acting under color of law and in the course and scope of their employment with the Aviation Police. The rest of each paragraph related to the capacity by which each City Defendant is being sued, calls for a legal conclusion which does not require a response.

21. City Defendants are without sufficient information or knowledge to form a belief as to the veracity of the claims contained in paragraph ¶25 and therefore deny the same.

 **Factual Allegations**

22. City Defendants are without sufficient information or knowledge to form a belief as to the veracity of the claims contained in ¶¶ 26-42 of the Complaint and therefore deny the same.

Furthermore, the allegations contained in these paragraphs are wholly irrelevant to the claims at issue in this case.

23.    City Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained in paragraphs 43-46 and therefore deny the same.

24.    City Defendants admit that a TSA agent requested the assistance of Aviation Police Department officers after conversing with Plaintiff. City Defendants are without sufficient information or knowledge to form a belief as to veracity of the allegations contained in the rest of paragraph 47 of the Complaint and therefore deny the same.

25.    City Defendants admit that a portion of the conversation contained in paragraph 48 appears to mirror the audio record of the video which Plaintiff references throughout this Complaint and appears on the above-cited websites. However, City Defendants do not have sufficient information or knowledge to form a belief as to the veracity or accuracy of the audio recording and therefore deny the same.

26.    City Defendants admit that Defendants Dilley, Wiggins, and De la Pena responded to the request for assistance. City Defendants are without sufficient information to form an opinion as the veracity of the allegation pertaining to the TSA agents' first statement to City Defendants. Defendants admit that TSA agents advised Aviation officers that Plaintiff was causing a disturbance, and conveyed other concerns to officers, which included, among other concerns, that Plaintiff would not put his video camera down and was taking pictures of them.

27.    City Defendants deny the allegations contained in paragraph 50 of the Complaint.

28.    Defendants admit that Plaintiff was instructed to comply with the TSA agents' instructions or else he would be escorted out of the airport. City Defendants deny that an officer said Plaintiff was causing a commotion. Defendants do not know who told Plaintiff that he was

causing a commotion but admit that someone at the scene of the incident specifically told Plaintiff that he was causing a commotion. City Defendants are without sufficient information or knowledge to form a belief as to the veracity or accuracy of the response which Plaintiff alleges that he gave to City Defendants as contained in paragraph 51of the Complaint.

29. City Defendants admit that the allegations contained in paragraph 52 of the Complaint appear to mirror a portion of the audio appearing on the above-listed websites. However, City Defendants are without sufficient information to form a belief as to the veracity or accuracy of the video/audio recording or its contents and therefore deny the same. City Defendants admit that Plaintiff was advised that he could not film at a federal checkpoint.

30. City Defendants admit that the allegations contained in paragraph 53 of the Complaint appear to mirror the audio recording which is viewable on the above-cited websites. However, City Defendants are without sufficient information or knowledge to form a belief as to the veracity or accuracy of the video/audio recording and therefore deny the same. City Defendants admit that Officer Dilley advised Plaintiff that he had to leave the airport after it was clear that Plaintiff was not going to comply with Officer Dilley's instructions and Plaintiff was advised that if he did not comply he would be arrested.

31. Defendants deny that Officer Dilley changed his mind about escorting Plaintiff out of the airport. Plaintiff failed to comply with Defendant Dilley's instructions at which point Officer Dilley asked Plaintiff for his identification, told him that he could be arrested for concealing his identity, and elaborated when Plaintiff asked him why, by advising Plaintiff that he was required to show identification because he was under investigation for disturbing the peace. City Defendants further admit that Plaintiff did not provide his identification, Plaintiff was advised that he was going to be arrested, his property would be searched, and if he had identification in

his belongings, he would also be arrested for concealing his identity. However, City Defendants do not have sufficient information or knowledge to form a belief as to the accuracy or veracity of the audio recording which Plaintiff appears to be quoting from, which was placed on the above-cited websites, and therefore deny the same.

32. City Defendants admit that Officer Dilley arrested Plaintiff without a warrant. City Defendants deny that Plaintiff was not advised of the basis of his arrest.

33. City Defendants deny the allegations contained in paragraph 56 of the Complaint.

34. City Defendants admit that Plaintiff was escorted to the Aviation Police Department office, placed in a holding cell, and his possessions were searched. City Defendants also admit that several types of identifying documents were discovered in Plaintiff's belongings and placed in sealed envelopes. City Defendants are without sufficient information or knowledge to form a belief as to the veracity of Plaintiff's assumptions about what would occur following his arrest and therefore deny the same. Furthermore, his assumptions are immaterial to the claims at issue in this case.

35. City Defendants admit that Plaintiff was held temporarily in the Aviation Police Department holding cell and that while Officer Dilley wrote his report, Officer Wiggins determined that Plaintiff had not checked any luggage with Southwest Airlines. Plaintiff's remaining allegations as set forth in paragraph 58 of the Complaint, regarding Officer Wiggins activities during the time that Plaintiff was in the Airport holding cell, are immaterial to the claims in this case and do not require a response.

36. City Defendants admit that Plaintiff did not provide Officer Dilley with identification when Officer Dilley was compiling his report. City Defendants deny that Plaintiff was instructed to be quiet during his detention at the Airport as alleged in paragraph 59 of the Complaint.

Furthermore, this allegation is irrelevant to the claims at issue in this case. Defendants do not have sufficient information or knowledge to form an opinion as to the veracity of the remaining allegations contained in this paragraph and therefore deny the same. Furthermore, these allegations are immaterial to the claims at issue in this case and would otherwise require City Defendants to speculate about Plaintiff's thought process.

37. City Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegation related to Plaintiff's mindset at the time that he was detained at the Airport and therefore deny the same. Furthermore, this allegation is immaterial to the claims raised in this case. City Defendants deny that Plaintiff provided his name during this time.

38. City Defendants do not have sufficient information or knowledge to form a belief as to the veracity of the allegations set forth in paragraph 61 of the Complaint and therefore deny the same. Moreover, these allegations are immaterial to the claims at issue in this case.

39. City Defendants do not have a personal recollection of the allegations contained in paragraph 62 of the Complaint but admit that this information is reflected in a supplement to the police report regarding the underlying incident.

40. City Defendants admit that Plaintiff was driven to the downtown police department. However, the allegations contained in paragraph 63 of the Complaint are immaterial to the claims at issue in this case.

41. City Defendants are without sufficient information or knowledge to form a belief as to the allegations contained in paragraphs 64-67. Moreover, the allegations contained in these paragraphs are immaterial to the claims at issue in this case.

42. City Defendants deny the allegations contained in paragraph 68 of the Complaint as they relate to the allegation that Defendant Dilley authored a false incident report. City Defendants

admit that the aspects of the police report reflected in this paragraph are quotations taken from the police report.

43. City Defendants are without sufficient information or knowledge to form a belief as to the veracity or accuracy of Plaintiff's video and/or audio recording of the incident and therefore deny the same. City Defendants deny Plaintiff's characterizations related to his alleged quiet tone or the officer's alleged agitation or use of raised voices. City Defendants further deny the allegation that Officer Dilley did not issue a verbal criminal trespass order. Officer Dilley specifically asked Plaintiff to leave the airport or face the prospect of arrest. City Defendants deny the remaining allegations contained in paragraph 69 of the Complaint.

44. City Defendants deny the allegation that Officer De la Pena authored a false supplemental incident report. City Defendants admit that portions of Officer De La Pena's supplemental report are contained in paragraph 70 of the Complaint.

45. City Defendants are without sufficient information or knowledge to form a belief as to the veracity or accuracy of Plaintiff's video and/or audio recording and therefore deny the allegations contained in paragraph 71 of the Complaint.

46. City Defendants deny the allegation that Officer Wiggins authored a false supplemental incident report. City Defendants admit that portions of Officer Wiggins' supplemental report are contained in paragraph 72 of the Complaint.

47. City Defendants are without sufficient information or knowledge to form a belief as to the veracity or accuracy of Plaintiff's video and/or audio recording and therefore deny the allegations contained in paragraph 73 of the Complaint.

48. City Defendants deny the allegations contained in paragraph 74 of the Complaint.

49.     City Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained in paragraphs 75-76 of the Complaint but admit that portions of Defendant Breedon's written statement are contained in these paragraphs of the Complaint. However, City Defendants deny that situation "escalated" due to the officers' rather than Plaintiff's conduct and deny Plaintiff's characterization of his conduct.

50.     City Defendants admits that portions of Defendant Schreiner's written statement are contained in paragraph 77 of the Complaint.

52.     City Defendants deny the allegations contained in paragraph 78 regarding what the video footage allegedly depicts. City Defendants are without sufficient information or knowledge to form a belief as to the veracity or accuracy of Plaintiff' video/audio recording, or the meaning underlying Defendant Schreiner's statement regarding Plaintiff's photographing, and therefore deny the same.

53.     City Defendants deny the allegations contained in paragraph 79 of the Complaint and are without sufficient information to form a belief as the veracity or accuracy of the video recording Plaintiff cites to throughout the Complaint, and therefore deny all allegations related to the video.

54.     City Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained in the first portion of paragraph 80 of the Complaint. City Defendants admit that Plaintiff pled not guilty to the charges and that his bail was lowered.

55.     City Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained in paragraphs 81 and 82 of the Complaint and therefore deny the same. Moreover, these allegations are irrelevant to the claims at issue in this case.

56.     City Defendants admit that Plaintiff complained to Officer Vigil that the images on his camera had been removed and that Officer Vigil suggested that he file a report. Plaintiff did not do so.

57.     City Defendants are without sufficient information to form a belief as to the allegations contained in paragraph 83 of the Complaint, but note that according to Plaintiff, he showed his identification to TSA personnel and was permitted to board and fly out of Albuquerque without incident. The hearsay allegations contained in this paragraph are immaterial to the claims at issue in this case.

58.     City Defendants are without sufficient information or knowledge to form an opinion as to the veracity of the allegations contained in paragraphs 84 and 85 of the Complaint and therefore deny the same. Defendants further deny that they tampered with Plaintiff's video camera in any way.

59.     City Defendants admit the allegations contained in paragraph 86 of the Complaint.

60.     City Defendants are without sufficient information or knowledge to form an opinion regarding the veracity of the allegations contained in paragraph 87 of the Complaint and therefore deny the same.

61.     City Defendants admit that Plaintiff was acquitted of the criminal charges but are without sufficient information or knowledge to form an opinion as to the veracity of the allegation regarding the length of the jury's deliberation as described in paragraph 88 of the Complaint and therefore deny the same.

62.     City Defendants deny the allegations contained in paragraph 89 of the Complaint.

63. City Defendants are without sufficient information or knowledge to form a belief as to the veracity of the allegations contained in paragraph 90 of the Complaint and therefore deny the same.

64. City Defendants deny the allegations contained in paragraph 91 of the Complaint.

**COUNT I**

65. In answer to paragraphs 92 and 93 of the Complaint, Defendants incorporate their answers, as contained in ¶¶1-64, and in particular their answer contained in paragraph 12 of the Complaint. The allegations contained in these paragraphs do not involve Defendants and therefore do not require a further response.

**COUNT II**

66. In answer to paragraphs 94 and 95 of the Complaint, Defendants incorporate their answers as contained in ¶¶1-64, and deny the allegations contained in these paragraphs of the Complaint.

**COUNT III**

67. In answer to paragraphs 96 and 97 of the Complaint, City Defendants incorporate their answers, as contained in ¶¶1-64, and in particular their answer to paragraph 12 of the Complaint. The allegations contained in these paragraphs do not involve City Defendants and therefore do not require a further response.

**COUNT IV**

68. In answer to paragraphs 98 and 99 of the Complaint, City Defendants incorporate their answer as contained in ¶¶1-64, and deny the allegations contained in these paragraphs. However, City Defendants are without sufficient information or knowledge, based on the factual allegations contained in the Complaint, to form a belief as to the basis or veracity of Plaintiff's

contention that he was "subjected to excessive force" and request that Plaintiff clarify this allegation without delay.

## COUNT V

69. In answer to paragraphs 100 and 101 of the Complaint, City Defendants incorporate their answers, as contained in ¶¶1-64, and deny the allegations contained in these paragraphs.

## COUNT VI

70. In answer to paragraphs 102 and 103 of the Complaint, City Defendants incorporate their answers as contained in ¶¶1-64, and deny the allegations contained in these paragraphs.

## COUNT VII

71. In answer to paragraphs 104 through 110 of the Complaint, City Defendants incorporate their answers, as contained in ¶¶1-64, and deny the allegations contained in these paragraphs.

## COUNT VIII

72. In answer to paragraphs 111 through 113 of the Complaint, City Defendants incorporate their answers as contained in ¶¶1-64, and deny the allegations contained in these paragraphs.

73. City Defendants deny that Plaintiff is entitled to any of the relief sought in paragraph 113 of the Complaint.

### PRAYER FOR RELIEF

In answer to Plaintiff's PRAYER FOR RELIEF City Defendants incorporate their answers, as contained in ¶¶1-73, and deny that Plaintiff is entitled to any of the relief sought in sections a-g.

### GENERAL DENIAL

City Defendants deny each and every allegation not specifically admitted herein.

### AFFIRMATIVE DEFENSES

City Defendants specifically deny liability herein and state the following affirmative defenses:

1.      To the extent that liability is premised on individual capacity claims, City Defendants' actions were objectively reasonable under the circumstances, done in good faith, and they are entitled to qualified immunity.

2.      Plaintiff is barred from proceeding with all of his claims because City Defendants had probable cause to arrest Plaintiff.

3.      There are no constitutional violations in this case.

4.      Plaintiff is barred from proceeding with his malicious prosecution claim because prosecutors, independent of City Defendants, used their prosecutorial discretion in deciding to prosecute Plaintiff in a criminal proceeding.

5.      The Albuquerque Aviation Police Department is not a property party for purposes of §1983 litigation.

6.      City Defendants are entitled to all defenses available under the New Mexico Tort Claims Act, including comparative fault, immunity, notice, and statute of limitations defenses, and Plaintiff is subject to all the rules and limitations of this Act.

7.       Plaintiff's claim for damages, interest and attorney's fees are barred in whole or in part by New Mexico law.

8.      Plaintiff's injuries or losses, if any, are barred to the extent they were proximately caused by Plaintiff's intentional misconduct and/or failure to comply with the law, and/or the acts of third persons for which the City Defendants are not liable.

9.      Plaintiff is not entitled to Declaratory Relief and is subject to the limitations and governing principles set forth under 28 U.S.C.§§2201-02, as well as the cases interpreting them.

10.     Plaintiff's Complaint fails to state a claim and/or claims upon which relief can be granted.

11.     Plaintiff's Complaint is frivolous, including Plaintiff's claims for relief under 42 U.S.C. §1983 and 28 U.S.C. §§2201-02, entitling City Defendants to an award of attorney fees.

12.     Plaintiff's damages, if any, are barred to the extent Plaintiff failed to mitigate his damages.

13.     Plaintiff's damages, if any, are barred to the extent they arise from an independent, intervening, or superseding cause rather than due to any fault on the part of City Defendants. City Defendants reserve the right to include additional affirmative defenses which may be identified or discovered as this matter progresses.

**WHEREFORE,** the City Defendants respectfully request that the Court dismiss Plaintiff's complaint in its entirety, award City Defendants their costs, attorney fees, and any such other and further relief as it deems just and proper.

Respectfully Submitted by

The Baker Law Firm

/s/ Renni Zifferblatt
Jeffrey L. Baker
Renni Zifferblatt
20 First Plaza Suite 402
Albuquerque, N.M. 87109
505-247/1855

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was provided to all counsel of record via the CM/ECF system on this 13th day of February, 2012.

/s/ Renni Zifferblatt
Renni Zifferblatt