James Wheaton
Lowell Chow
FIRST AMENDMENT PROJECT
1736 Franklin Street, 9th floor
Oakland, California 94612
Phone: 510/208-7744
Fax: 510/208-4562

Mary Lou Boelcke
LAW OFFICES OF MARY LOUISE BOELCKE
PO Box 31033
Albuquerque, NM 87190-1033
Phone: (505) 804-1632
Fax: (505) 232-9718

William Simpich
LAW OFFICE WILLIAM SIMPICH
1736 Franklin Street, 10th Floor
Oakland, California 94612
Phone: 510/444-0226

Attorneys for Plaintiff Philip Mocek

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| PHILLIP MOCEK,,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF ALBUQUERQUE, ALBUQUERQUE AVIATION POLICE DEPARTMENT, MARSHALL KATZ, in his official capacity as Chief of Police of the Albuquerque Aviation Police Department, JONATHAN BREEDON, GERALD ROMERO, ANTHONY SCHREINER, ROBERT F. DILLEY a/k/a BOBBY DILLEY, LANDRA WIGGINS, JULIO DE LA PENA, and DOES 1–25, inclusive,<br><br>    Defendants, | No. 1:11-cv-01009-BB-KBM<br><br>**[AMENDED] TABLE OF CONTENTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DISMISS** |

# **TABLE OF CONTENTS**

unknown

| | Page: |
|---|---|
| I. DEFENDANTS CANNOT RECAST AND MISCHARACTERIZE THE FACTS AND ALLEGATIONS IN THE COMPLAINT | 2 |
|     A. Mocek did not premeditatedly decide to film his interaction at the Albuquerque Support and did not know it was likely that his inability to provide I.D. would result in his denial of access to enter secure areas of the airport | 2 |
|     B. Mocek did not engage in disorderly or disruptive conduct | 2 |
| II. THE COMPLAINT PROPERLY ALLEGES VIOLATIONS OF MOCEK'S WELL ESTABLISHED FIRST AMENDMENT RIGHTS BY THE FEDERAL DEFENDANTS | 4 |
| III. PLAINTIFF CAN ESTABLISH ALL THE ELEMENTS TO ESTABLISH A FIRST AMENDMENT CLAIM | 5 |
|     A. THE FIRST AMENDMENT PROTECTS THE PUBLIC'S RIGHT TO GATHER INFORMATION | 6 |
|     B. DEFENDANTS' ACTIONS CAUSED MOCEK TO SUFFER AN INJURY THAT WOULD CHILL A PERSON OF ORDINARY FIRMNESS FROM CONTINUING TO ENGAGE IN THAT ACTIVITY | 2 |
|     C. THE PLEADINGS ALSO SHOW THAT THE DEFENDANTS' ADVERSE ACTION WAS SUBSTANTIALLY MOTIVATED AS A RESPONSE TO MOSEK'S EXERCISE OF CONSTITUTIONALLY PROTECTED CONDUCT | 9 |
| IV. QUALIFIED IMMUNITY IS NOT AVAILABLE, AS THIS RIGHT TO GATHER NEWS WAS CLEARLY ESTABLISHED | 10 |
| V. THESE DEFENDANTS ALSO VIOLATED MOCEK'S FOURTH AMENDMENT RIGHTS | 14 |
| VI. THE FOURTH AMENDMENT PROTECTS THE PLAINTIFF'S RIGHT FROM WRONGFUL ARREST, AND THE FEDERAL DEFENDANTS WERE THE DIRECT CAUSE OF THE WRONGFUL ARREST WITH THEIR UNCONSTITUTIONAL DEMAND TO HALT RECORDING | 16 |
| VII. DEFENDANTS VIOLATED A CLEARLY ESTABLISHED RIGHT, AS THE FEDERAL DEFENDANTS' AGENCY'S POLICY WAS THAT RECORDING WAS PERMITTED | 20 |
| VIII. DECLARATORY RELIEF | 21 |
| CONCLUSION | **22** |

TABLE OF CONTENTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DISMISS