UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

PETE V. DOMENICI UNITED STATES COURTHOUSE

333 LOMAS BLVD., N.W., SUITE 660

ALBUQUERQUE, NEW MEXICO 87102

TELEPHONE: (505) 348-2280

FACSIMILE: (505) 348-2285

JAMES O. BROWNING
    District Judge

October 15, 2012

**<u>VIA CM/ECF</u>**

Geoffrey King
James Wheaton
Lowell Chow
First Amendment Project
1736 Franklin Street, 9th Floor
Oakland, California 94612

William Simpich
Law Office of William Simpich
1736 Franklin Street, 10th Floor
Oakland, California 94612

Mary Louise Boelcke
Law Office of Mary Louise Boelcke
220 Washington Street, N.E.
Albuquerque, New Mexico 87108

Jeffrey L. Baker
Renni Zifferblatt
The Baker Law Firm
20 First Plaza, N.W., Suite 402
Albuquerque, New Mexico 87102

Edward J. Martin
United States Department of Justice
Civil Division
Post Office Box 7146
Washington, D.C. 20044

Manuel Lucero
  Assistant United States Attorney
United States Attorney's Office
District of New Mexico
Post Office Box 607
Albuquerque, New Mexico 87103

    Re:  <u>Mocek v. City of Albuquerque, et al.</u>, No. CIV 11-1009 JB/KBM

Dear Counsel of Record:

    I want to bring one matter to your attention.  I have, with my law clerks, who in turn talked to the General Counsel's Office of the Administrative Office of the Courts, reviewed the Judicial Code of Conduct and do not believe this matter requires me to recuse myself.  I want, however, everyone to be fully informed about, and fully comfortable with, my participation in the case.

Counsel of Record
Re:  Mocek v. City of Albuquerque, et al., No. CIV 11-1009 JB/KBM
October 15, 2012
Page 2

I am writing to let you know that a lawsuit was filed in the Second Judicial District against my 30-year-old son, Eli Browning, and the Aux Dox Theatre that he founded several years ago.  The lawsuit also names the City of Albuquerque as a defendant.  I am writing to give you the background on this complaint and of my connections with the Aux Dog Theatre so that you can alert me if you think that the City's being named as a co-defendant with my son and the Aux Dog Theatre would be grounds for me to recuse myself in this case.

According to the state court complaint, on or about December 29, 2010, Plaintiff Natalie Sherman was rehearsing for a performance at the Aux Dog Theatre and fell down the steps just off the stage.  At the time of the alleged accident, Eli was not a board member but he has been involved in various capacities with the Theatre since he founded it.  Ms. Sherman seeks damages against Eli, the Aux Dog Theatre, and the City of Albuquerque.  There is nothing in the complaint to indicate why the City was named a defendant, but the complaint does allege that a tort claim notice was timely filed against the City.  I am informed that the City was named because Ms. Sherman was participating in a seniors' theatre group through the City's office of senior affairs.

Here is the pertinent background concerning my and my wife's association with the Aux Dog Theatre.

In 1992 -- before I became a judge -- my wife and I formed Browning Investment Company ("BIC") to hold some of our investments.  BIC changed its name to Vermejo Property Investment Company on May 15, 2006, but continues to do business under the name Browning Investment Company.  BIC owns Dartmouth Street, LLC, which owns several pieces of commercial property.

Since becoming a judge in 2003, I have eased out of any official position or ownership in BIC.  My wife, Jan Browning, is and always has been the principal of Dartmouth Street.  She is currently the President, Treasurer, and Director of BIC, although I was President, Treasurer, and Director until December 9, 2005.  I no longer have a position in BIC.  My son, Eli, is now the Secretary of BIC.  My wife also currently owns all the stock in BIC.  I transferred my interest in BIC to her on December 9, 2005.  Her interest remains, however, community property.  I also continue to help my wife with managing BIC and Dartmouth Street.

Dartmouth Street has two mortgages with New Mexico Bank & Trust, although I think one has recently been paid off.  I personally guaranteed the notes until, I believe, early 2008, when I asked to be removed as a guarantor.  I understand I was removed as guarantor on May 16, 2008.

Eli is the founding director of the Auxiliary Dog Theatre, a non-profit company, here in Albuquerque.  He lives with my wife and me.  It is my understanding that Dartmouth Street has a lease with Aux Dog for the space that Aux Dog uses, but Aux Dog was unable to pay any rent until very recently, and now pays about $1,000.00 a month.  While that amount is probably below market in a healthy real estate market, it is difficult to say what Dartmouth Street could get for the space

Counsel of Record
Re:  Mocek v. City of Albuquerque, et al., No. CIV 11-1009 JB/KBM
October 15, 2012
Page 3

on the open market.  Dartmouth Street owns many of the fixtures that Aux Dog uses.  Also, my wife and I have made charitable contributions to Aux Dog.  To my knowledge, Aux Dog was paying my son $160.00 a week for his services a while back, but no longer does.

On May 14, 2012, Eli and the Aux Dog Theatre were served with the Sherman state court complaint.  See Natalie Sherman v. City of Albuquerque, et al., No. D-202-CV-2012-04360 (State of New Mexico, County of Bernalillo, Second Judicial District Court).

To my current knowledge, Eli, the Aux Dog, and the City of Albuquerque are not adverse, except perhaps in a comparative negligence sense.

I think any argument for recusal would be rather weak, based on all the guidance that I can find.  There is no opinion on point in the Compendium of Selected Opinions in the Guide to Judiciary Policy (http://jnet.ao.dcn/Guide/Vol_2_Ethics_and_Judicial_Conduct/ Part_B_Ethics_Advisory_Opinions/Ch_3_Compendium_of_Selected_Opinions_pdf.html).  As I see it, the only real connection between me and the City is that my son and the City are co-defendants. I think the argument for recusal as to the City would be clearer if I was a co-defendant, or if it was clear that I would be somehow liable if there were to be a verdict against my son.  But these are not the facts.  I think disclosure here is appropriate.  And I would only use the remittal procedure if I conclude that I would recuse, absent waivers, and I have determined that is not necessary.

Please let me know whether there is anything in the filing of the lawsuit by Ms. Sherman against my son, the Theatre, and the City that gives rise to any concern about my continuing to preside over this matter.

I believe that I can continue to be fair and impartial.  If anyone, however, has any questions about the above, please let my Courtroom Deputy Clerk, K'Aun Wild, know, and we can perhaps have a conference.  I have instructed Mrs. Wild not to tell me who may call.  Best regards.

Sincerely,

James O. Browning
United States District Judge