UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
PETE V. DOMENICI UNITED STATES COURTHOUSE
333 LOMAS BLVD., N.W., SUITE 660
ALBUQUERQUE, NEW MEXICO 87102
TELEPHONE: (505) 348-2280
FACSIMILE: (505) 348-2285

JAMES O. BROWNING
    District Judge

November 20, 2012

VIA CM/ECF and
HAND-DELIVERED IN OPEN COURT

Geoffrey King
James Wheaton
Lowell Chow
First Amendment Project
1736 Franklin Street, 9th Floor
Oakland, California 94612

William Simpich
Law Office of William Simpich
1736 Franklin Street, 10th Floor
Oakland, California 94612

Mary Louise Boelcke
Law Office of Mary Louise Boelcke
220 Washington Street, N.E.
Albuquerque, New Mexico 87108

Jeffrey L. Baker
Renni Zifferblatt
The Baker Law Firm
20 First Plaza, N.W., Suite 402
Albuquerque, New Mexico 87102

Edward J. Martin
United States Department of Justice
Civil Division
Post Office Box 7146
Washington, D.C. 20044

Manuel Lucero
   Assistant United States Attorney
United States Attorney's Office
District of New Mexico
Post Office Box 607
Albuquerque, New Mexico 87103

    Re:  Mocek v. City of Albuquerque, et al., No. CIV 11-1009 JB/KBM

Dear Counsel:

    I want to bring one matter to your attention. I have, with my law clerks, reviewed the Judicial Code of Conduct and do not believe this matter requires me to recuse myself. I want, however, everyone to be fully informed about, and fully comfortable with, my participation in the

Counsel of Record
Re: <u>Mocek v. City of Albuquerque, et al.</u>, No. CIV 11-1009 JB/KBM
November 20, 2012
Page 2

case.

    On Sunday, October 21, 2012, I went to my son's theater referenced in my October 15, 2012 letter to you.  One of the actors was John DuBois.  Mr. DuBois is a lawyer in, I believe, the City of Albuquerque's constitutional taking and land use department.  I have known Mr. DuBois since I worked in the Attorney General's Office as Deputy Attorney General in 1987 - 1988.  While I consider Mr. DuBois a friend, we do not see each other often.  We socialize only when we see each other, usually at professional bar functions.  I do not recall him ever being in my home, or I in his.

    Mr. DuBois advised me that he had also appeared in an earlier play at Aux Dog, in the September time frame.  To my knowledge, Aux Dog is a non-equity theater and does not pay its actors.  Aux Dog currently pays Dartmouth Street, I believe, rent of $1,500.00 per month.  While that amount is probably below market rate for the location and size of the facility, in this market, it may be the best Dartmouth Street can do for a space built out as a theater.  Aux Dog is fairly consistent in paying rent, but, as a non-profit, it sometimes experiences cash flow problems and misses a payment.  To my knowledge, it is current.

    Although I was not able to find guidance directly on point in either the Committee on Codes of Conduct's published Advisory Opinions, or in the Compendium of Selected Opinions, based on the reasoning in two Advisory Opinions, my law clerks and I have come to the conclusion that recusal is not required in this case.  In Advisory Opinion No. 27, the defendant corporation rented real estate from a trust in which the judge's spouse was the sole beneficiary, for an amount that "exceed[ed] five figures."  Adv. O. No. 27.  While, the defendant being named in a suit before the judge did not rise to the level of an interest that could be substantially affected by the outcome of the proceeding, the Committee on Codes of Conduct ("Committee") determined that the judge should remit, noting that "to preside in a case involving a defendant who pays a substantial amount of rent that is ultimately credited to the judge's spouse might . . . raise a reasonable question regarding the judge's property and impartiality."  Adv. O. No. 27 (quoting Canon C(1)).  In Advisory Opinion No. 11, the Committee determined that, where an attorney in the case is a "long-time friend of the judge," if the attorney "is a close friend whose relationship like that of a close relative, then the judge's impartiality might reasonably be questioned."  Adv. Op. No. 11.  Where the case is being litigated by "members or associates of the firm of the friend," however, the Committee found that such a situation "poses no problem."  Adv. Op. No. 11.

    I do not think Mr. DuBois' involvement in the Aux Dog's recent plays creates a conflict requiring the Court to recuse itself.  While well attended shows help pay the rent, I do not believe that Mr. DuBois' limited involvement with the theater, which ended, I believe on October 31, 2012, is analogous to the situation in Advisory Opinion No. 27, in which the corporation that paid a judge's spouse six figures yearly for rent was a defendant in a case before the judge.  Additionally, in contrast to the friendships found to counsel for recusal in Advisory Opinion No. 11, Mr. Dubois and my friendship is not like that of a close relative, and, moreover, to my knowledge, Mr. Dubois is also not appearing before me in this case.  I therefore do not think his participation in recent Aux

Counsel of Record
Re: <u>Mocek v. City of Albuquerque, et al.</u>, No. CIV 11-1009 JB/KBM
November 20, 2012
Page 3

Dog productions would create any conflict or appearance of impropriety.

  I believe that I can continue to be fair and impartial.  If anyone, however, has any questions about the above, please let my Courtroom Deputy Clerk, K'Aun Wild, know, and we can perhaps have a conference.  I have instructed Mrs. Wild not to tell me who may call.  Best regards.

       Sincerely,

       James O. Browning
       United States District Judge