IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLERK'S MINUTES

*BEFORE DISTRICT JUDGE JAMES O. BROWNING*

| | | | |
|---|---|---|---|
| **CASE NO.:** | 11-1009 JB/KBM | **DATE:** | Nov. 20, 2012 |
| **CASE CAPTION:** | *Mocek v. City of Albuquerque, et al.* | | |
| **CRD:** | K. Wild | **COURT REPORTER:** | D. Everett |
| **COURT IN SESSION:** | 9:07 a.m. | **COURT IN RECESS:** | 10:48 a.m. = 1:41 |

**TYPE OF PROCEEDING:** Motion Hearing (see below)

**COURT'S RULING/DISPOSITION:** Individual Federal Defendants' Motion to Dismiss [25] - **TAKEN UNDER ADVISEMENT - INCLINED TO GRANT IN PART**

**ORDER CONSISTENT WITH COURT'S RULING TO BE PREPARED BY:** Court

| **ATTORNEYS PRESENT FOR PLAINTIFF(S):** | **ATTORNEYS PRESENT FOR DEFENDANT(S):** |
|---|---|
| Mary Lou Boelcke | Edward Martin, DOJ (for Ind. Federal Defts. (Defts. Breedon, Romero & Schreiner)) |
| | Mary Leddy, TSA |
| | Jeffrey Baker (for City Defts. (City of ABQ, ABQ Aviation Police Dept., Katz, Dilley, Wiggins & De La Pena)) |

**PROCEEDINGS**

**COURT IN SESSION:** 9:07 a.m.

**Court:** Calls case. Counsel enter appearances. Plaintiff Phillip Mocek appearing telephonically.

**Court:** Recalls an officer by last name of Katz being in prior proceeding before this

Court, but not showing up on search of CM/ECF.

**Mr. Baker:**  Informs Deft. Katz's son works for BCSO.

**Court:**  Makes sense.  Suggests take argument count by count - counsel can provide overview before begin arguments if wish to do so.

**9:10 a.m.  Mr. Martin:**  Declines to provide overview - argues in support of motion as to 1st Amendment violation.

**9:32 a.m.  Mr. Baker:**  No argument re: same.

**Ms. Boelcke:**  Argues in response in opposition to same.

**9:55 a.m.  Mr. Martin:**  Argues in reply in further support of motion re: same.

**9:58 a.m.  Court:**  Takes under advisement, but think will fall on clearly established - lack of any viewpoint discrimination is going to make either no violation of 1st Amendment or will skip over that, or, also find there is no clearly established law - so inclined to grant motion re: same.

**10:00 a.m.  Mr. Martin:**  Argues in support of motion as to 4th Amendment violation.

**10:03 a.m.  Ms. Boelcke:**  Argues in response in opposition to motion re: same.

**10:10 a.m.  Mr. Martin:**  Argues in reply in further support of motion re: same.

**10:27 a.m.  Court:**  Takes under advisement, but inclined to think once TSA calls law enforcement that they are much like the situation of private citizen calling law enforcement and will not be responsible for any alleged unconstitutional activity, so inclined to grant motion on 4th Amendment violation, as well.  As to last cause of action for declaratory relief, will just follow from decision as to first 2, right?

**10:28 a.m.  Mr. Martin:**  Yes.

**10:29 a.m.  Court:**  Queries Plaintiff's counsel regarding declaratory judgment.

**Ms. Boelcke:**  Responds - declaratory judgment is as to official capacities, first 2 counts are as to individual capacities.

**Court:**  What's left if grant motion as to first 2 counts?

**Ms. Boelcke:**  Responds.

**10:33 a.m.  Mr. Martin:**  Disagrees there is an APA claim here - argues that if no constitutional violation should be no declaratory relief.  Requests permission to submit supplemental briefing.

**10:36 a.m.  Ms. Boelcke:**  Responds to Court's further inquiry re: clearly established and declaratory relief.

**Court:**  Refers counsel to 10th Circuit opinion on remand in Kerns (07-771) (Doc. 296).

**Mr. Martin:**  Will submit supplemental briefing after Thanksgiving.

**Court:**  Okay.  Asks about official capacity claims?

**Mr. Martin:**  Argues there are no official capacity claims - cannot bring *Bivens* claims against individuals in official capacities.  No relief under *Bivens* for declaratory judgment.

**Court:**  Not sure how to deal with declaratory judgment claim - takes under advisement.  Inclined to grant motion as to first 2 counts.  Instructs CRD to send out ISO and will work to get decision out on this motion before that hearing.  Will not require Fed. Ind. Defts. to participate in meet and confer/submission of JSR/PDP.

**Mr. Boelcke:**  No problem with proceeding as Court has outlined.  Requests permission to submit filing on declaratory relief issue, as well - asks if want simultaneous with Defendants' submission?

**Court:**  Fine to submit.

**Mr. Baker:**  No problem with proceeding as Court has outlined.

**Court:**  Can submit filings on declaratory judgment simultaneously or Plaintiff can respond to Fed. Ind. Defts - up to Plaintiff's counsel.  Will likely see counsel again in early January for ISC.  Anything further?

Counsel indicate there is not.

**COURT IN RECESS:**        10:48 a.m.