UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **PHILLIP MOCEK,** | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:11-cv-1009-JB/KBM ) |
| **CITY OF ALBUQUERQUE, ET AL.,** | ) ) ) ) |
| Defendants. | ) ) |

## INDIVIDUAL FEDERAL DEFENDANTS' SUPPLEMENTAL BRIEFING

### Introduction

During the November 20, 2012 motion hearing, the Court stated it was "inclined" to dismiss the Plaintiff's First and Fourth Amendment claims against the individual federal defendants, but requested additional briefing concerning the Plaintiff's Count VIII which demanded declaratory relief against all defendants in their official capacities. As discussed during the hearing, if the Court finds that there were no constitutional violations by the individual federal defendants then there is no entitlement to declaratory relief.

However, the Plaintiff has also failed to provide a jurisdictional basis for his request for declaratory relief against the federal defendants in their official capacities. Official capacity claims against federal employees are actually claims against the United States. *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). The Declaratory Relief Act, 28 U.S.C. § 2201, does not provide a federal court with an independent basis for exercising subject-matter jurisdiction and the Plaintiff has failed to provide any jurisdictional basis for this claim. *See Schulke v. United States*, 544 F.2d 453, 455

(10th Cir. 1976) ("The declaratory relief statute, 28 U.S.C. § 2201, is not a jurisdictional statute. One seeking relief under the statute must establish a separate and independent basis of jurisdiction.")

### Argument

#### The Plaintiff Has Failed to Establish Subject-Matter Jurisdiction Over His Declaratory Relief Claim

"The operation of the Declaratory Judgment Act is procedural only." 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2766 (3d ed. 2012). "There must be an independent basis of jurisdiction, under statutes equally applicable to actions for coercive relief, before a federal court may entertain a declaratory-judgment action." *Id.* However, the Plaintiff has failed to provide any independent basis for declaratory relief against the United States. Therefore, Plaintiff's Count VIII should also be dismissed.

The purported basis for jurisdiction found in paragraph twelve of the Complaint do not actually provide a basis for jurisdiction. *See id.* ("If the court would lack jurisdiction of a coercive action against the United States because of sovereign immunity, it is equally without jurisdiction of a declaratory action against the United States.") These assertions of jurisdiction other than the Declaratory Judgment Act, include 28 U.S.C. §§ 1331, 1332 and 1343. However, the federal courts lack subject matter jurisdiction over claims against the United States for which it has not waived sovereign immunity. *Iowa Tribe of Kan. & Neb. v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010); *Atkinson*, 867 F.2d at 590 ("It is well settled that the United States and its employees, sued in their official capacities, are immune from suit, unless sovereign immunity has been waived.")

Specifically, 28 U.S.C. §§ 1331 and 1332 operate as grants of general jurisdiction and require an accompanying waiver of sovereign immunity. *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("district court jurisdiction cannot be based on § 1331 unless some other statute waives

sovereign immunity."); *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir. 1991) ("United States is not a citizen for diversity purposes . . . agencies of the United States likewise cannot be sued in diversity.") Likewise, the Tenth Circuit has held that 28 U.S.C. § 1343(a)(4) does not waive the United States' sovereign immunity. *Trackwell v. United States Government*, 472 F.3d 1242, 1244 (10th Cir. 2007).[1]

"Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). The Plaintiff has failed to state a jurisdictional basis for his declaratory relief claim against the federal defendants in their official capacities. Therefore, this claim should be dismissed.

                                                Respectfully Submitted

Kenneth Gonzales                                Stuart F. Delery
United States Attorney                        Principal Deputy Assistant Attorney General

                                                Rupa Bhattacharyya
                                                Director, Torts Branch

                                                Andrea W. McCarthy
                                                Senior Trial Counsel

---

[1] Nor do the Plaintiff's claims for damages relief found in paragraph eleven of the Complaint provide jurisdiction for this equitable claim. The United States has not waived its sovereign immunity for constitutional torts claims. *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994). Sovereign immunity also bars an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) against a federal employee in his or her official capacity. *See Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) ("There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity."). Finally, 42 U.S.C. § 1983 applies only to actions by state and local entities, not by the federal government. *Dry v. United States,* 235 F.3d 1249, 1255 (10th Cir. 2000).

|  |  |
|---|---|
| Manuel Lucero<br>Assistant United States Attorney | /S/ Edward J. Martin<br>Edward J. Martin<br>Trial Attorney, Torts Branch<br>Civil Division<br>United States Department of Justice<br>P.O. Box 7146, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: 202-616-1024<br>Fax: 202-616-4314<br>Edward.Martin2@usdoj.gov |

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the foregoing was provided to all counsel of record via the CM/ECF system on November 29, 2012.

/S/ Edward J. Martin
Edward J. Martin
Trial Attorney, Torts Branch