William M. Simpich, Esq., SB#106672
Law Offices of William M. Simpich
1736 Franklin Street, 10th Floor
Oakland, CA 94612
Telephone (510) 444-0226
Facsimile (510) 444-1704

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| PHILLIP MOCEK,<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF ALBUQUERQUE, ALBUQUERQUE AVIATION POLICE DEPARTMENT, MARSHALL KATZ, in his official capacity as Chief of Police of The Albuquerque Aviation Police Department, JONATHAN BREEDON, GERALD ROMERO ANTHONY SCHREINER, ROBERT F. DILLEY a/k/a BOBBY DILLEY, LANDRA WIGGINS, JULIO DE LA PENA, and DOES 1-25 inclusive,<br><br>        Defendants,<br>_____ | Case No. 11-1009-JB-KBM<br><br>**TABLE OF CONTENTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND REQUEST TO FILE AMENDED COMPLAINT** |

-1-

**TABLE OF CONTENTS**

| | Page |
|---|---|
| **In the past, Mocek has flown by commercial air without needing to provide documentation of identity** | 1 |
| **Mocek declines to provide identification documents, films TSA and Albuquerque police officers, and is arrested11** | 3 |
| **City defendants write a false criminal complaint and false incident reports** | 8 |
| **De La Pena's supplemental incident report** | 10 |
| **Wiggins's supplemental incident report** | 11 |
| **Mocek is arraigned on charges of disorderly conduct, concealing identification, refusing an officer's order, and criminal trespass** | 12 |
| **Mocek returns to the airport to fetch his belongings and notices that his camera has been tampered with while in police custody** | 12 |
| **Mocek recovers deleted images and footage of the airport incident** | 13 |
| **Mocek is tried and acquitted in New Mexico state court** | 13 |
| **Consequences of the Defendants' actions** | 14 |
| **Causes of Action** | 14 |
| **ARGUMENT** | 17 |
| **1. The City Defendants conducted a pretextual arrest and search** | 17 |
| **A. This conduct violated the Fourth Amendment** | 17 |
| **B. This conduct also violated Plaintiff's 6th Amendment right to a fair trial** | 18 |
| **C. This conduct violated Plaintiff's First Amendment rights** | 18 |
| **2. These facts also support Plaintiff's claim for abuse of process** | 19 |
| **3. Even if there were no pretext, defendants would still be liable for the 1st and 4th Amendment violations** | 20 |
| **A. The Tobey case illustrates that Plaintiff's conduct was non-disruptive and is protected in the airport screening context** | 20 |

**B. The City Defendants' attempts to force Plaintiff to speak violates the 5th Amendment** ........ 21

**C. Although Plaintiff may be forced to provide his name, Plaintiff did provide it and Defendant Dilley lied about it** ........ 22

**4. Plaintiff is Confident that the Court Will Agree that the Law of the Case Doctrine is Inapplicable in Ruling on Defendant's Motion, as New Evidence is Presented that Was Inappropriate or Unavailable for the Federal Defendants' Motion** ........ 22

**5. Municipal Liability Claim Should Go Forward, As Unconstitutional Acts are Alleged** ........ 23

**6. Declaratory Relief Claim Should Go Forward, As Case is Not Moot** ........ 23

**7. Plaintiff Seeks Leave to Amend the Complaint** ........ 23

Dated: March 28, 2013

/s/
WILLIAM M SIMPICH

-5-