UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
PETE V. DOMENICI UNITED STATES COURTHOUSE
333 LOMAS BLVD., N.W., SUITE 660
ALBUQUERQUE, NEW MEXICO 87102
TELEPHONE: (505) 348-2280
FACSIMILE: (505) 348-2285

JAMES O. BROWNING
    District Judge

July 23, 2013

**VIA CM/ECF**

Geoffrey King
James Wheaton
Lowell Chow
First Amendment Project
1736 Franklin Street, 9th Floor
Oakland, California 94612

William Simpich
Law Office of William Simpich
1736 Franklin Street, 10th Floor
Oakland, California 94612

Mary Louise Boelcke
Law Office of Mary Louise Boelcke
220 Washington Street, N.E.
Albuquerque, New Mexico 87108

Jeffrey L. Baker
Renni Zifferblatt
The Baker Law Firm
20 First Plaza, N.W., Suite 402
Albuquerque, New Mexico 87102

Edward J. Martin
United States Department of Justice
Civil Division
Post Office Box 7146
Washington, D.C. 20044

Manuel Lucero
   Assistant United States Attorney
United States Attorney's Office
District of New Mexico
Post Office Box 607
Albuquerque, New Mexico 87103

     Re:  Mocek v. City of Albuquerque, et al., No. CIV 11-1009 JB/KBM

Dear Counsel of Record:

     I want to bring a matter to your attention.  I have, with my law clerks, who in turn talked to the General Counsel's Office of the Administrative Office of the Courts, reviewed the Judicial Code of Conduct and do not believe this matter requires me to recuse myself.  I want, however, everyone to be fully informed about, and fully comfortable with, my participation in the case.

Counsel of Record
Re: <u>Mocek v. City of Albuquerque, et al.</u>, No. CIV 11-1009 JB/KBM
July 23, 2013
Page 2

      Debbie Wheeler, an employee in the Clerk of the Court's office, assigned to assist with my chambers as a case administrator, has a son, Nick Wheeler, who works for the Albuquerque Police Department ("APD"), and who has worked there for a number of years. He recently passed the sergeant's examination, although he has not yet been appointed to the rank of sergeant.

      Under Canon 3C of the Judicial Code of Conduct, a judge is required to disqualify himself or herself in a proceeding in which "the judge's impartiality might reasonably be questioned." 2B <u>Guide to Judicial Policy</u> 41 (2012). Section 3.5 of the Compendium of selected opinions provides for situations in which a judge must recuse himself or herself from cases because of issues related to members of the judge's staff, former staff, and their relatives.

      Although there is not an opinion listed in the compendium on point with the situation here, the opinions summarized in the Compendium discussing the spouse of the judge's secretary are instructive. Section 3.5(a) provides that a judge must recuse when the spouse of the judge's secretary appears as counsel, but need not recuse when the spouse's firm appears as counsel on a matter "absent special circumstances affecting the judge's impartiality." 2B <u>Guide to Judicial Policy</u> § 3.5(a), at 81. The special circumstances include where the "spouse actually participates in [the] case through appearance or supervision of others who appear," or where the spouse has a "significant financial interest in the case," such as being a partner in the firm. 2B <u>Guide to Judicial Policy</u> § 3.5(a-1), at 81. Where the spouse is an associate in the firm, however, the Compendium provides that the spouse/associate "may be presumed not to have significant financial interest, except in rare cases likely to have major effect on firm reputation or finances." 2B <u>Guide to Judicial Policy</u> § 3.5(a-1), at 81. The Compendium advises that where the secretary's spouse does not participate in the case and does not have a significant financial interest, the "judge need not recuse if steps are taken to minimize appearance of impropriety (e.g., remove secretary from direct involvement in case, caution staff that secretary is to be isolated from case, and disclose on the record)." 2B <u>Guide to Judicial Policy</u> § 3.5(a-2). Although not directly speaking to the judge's duties, where a law clerk's spouse works for the Federal Bureau of Investigation, the Compendium provides that "[a] judge's law clerk who is married to FBI agent is only disqualified from working on those cases in which spouse actually had some participation." 2B <u>Guide to Judicial Policy</u> § 3.5-1(e), at 83.

      Ms. Wheeler is not my secretary, is not my law clerk, and is not a chambers staff member, but is rather an employee of the Clerk of the Court's office. Nevertheless, Ms. Wheeler interacts with my chambers staff and with me on a weekly, if not daily, basis, and has been to my home a number of times with my chambers staff. The Compendium requires a judge to recuse himself or herself where the secretary's spouse is a partner in a law firm that appears before the court, or, in "rare cases likely to have a major effect on firm reputation or finances," because the judge's impartiality may be questioned, as the Court's decision might affect the spouse/attorney's income. Ms. Wheeler's son, as a salaried APD employee, however, does not have a similar financial interest in the outcome of litigation involving the City of Albuquerque nor the APD. As the Compendium directs that the Court should screen a law clerk from a case where the clerk's spouse participated

Counsel of Record
Re:  <u>Mocek v. City of Albuquerque, et al.</u>, No. CIV 11-1009 JB/KBM
July 23, 2013
Page 3

in the investigation, similarly, although Ms. Wheeler is not a law clerk, the Compendium supports the conclusion that the Court should screen Ms. Wheeler from cases in which Nick Wheeler participated in the investigation.  Accordingly, she will be screened from any such case.  Outside of Ms. Wheeler's son's participation in the case, however, the Judicial Code of Conduct does not support my recusal from, or Debbie Wheeler's being screened from, cases in which the City of Albuquerque or APD is a party.

Ms. Wheeler does not, of course, know of all cases in which her son is involved, but has been instructed to alert us if she knows he was involved in a case.  If you know that Nick Wheeler was involved in this case, please alert my chambers.

I believe that I can continue to be fair and impartial.  If anyone, however, has any questions about the above, please let my Courtroom Deputy Clerk, K'Aun Wild, know, and we can perhaps have a conference.  I have instructed Mrs. Wild not to tell me who may call.  Best regards.

                          Sincerely,

                          James O. Browning
                          United States District Judge