IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLERK'S MINUTES

*BEFORE DISTRICT JUDGE JAMES O. BROWNING*

| | | | |
|---|---|---|---|
| **CASE NO.:** | 11-1009 JB/KBM | **DATE:** | July 12, 2013 |
| **CASE CAPTION:** | *Mocek v. City of Albuquerque, et al.* | | |
| **CRD:** | K. Wild | **COURT REPORTER:** | D. Everett |
| **COURT IN SESSION:** | 10:50 a.m. | **COURT IN RECESS:** | 11:31 a.m. = :41 |

**TYPE OF PROCEEDING:** Motion Hearing (see below)

**COURT'S RULING/DISPOSITION:** City of Albuquerque Defendants' Motion to Dismiss [54] - **TAKEN UNDER ADVISEMENT - INCLINED TO GRANT**

**ORDER CONSISTENT WITH COURT'S RULING TO BE PREPARED BY:** Court

| **ATTORNEYS PRESENT FOR PLAINTIFF(S):** | **ATTORNEYS PRESENT FOR DEFENDANT(S):** |
|---|---|
| Mary Lou Boelcke | Edward Martin, DOJ (for Ind. Federal Defts. (Defts. Breedon, Romero & Schreiner)) |
| William Simpich (appearing tele.) | Mark Pilcher, TSA |
| | Jeffrey Baker (for City Defts. (City of ABQ, ABQ Aviation Police Dept., Katz, Dilley, Wiggins & De La Pena)) |

**PROCEEDINGS**

**COURT IN SESSION:** **10:50 a.m.**

**Court:** Calls case. Counsel enter appearances.

**Court:** Have reviewed everything - impression is not sure this is probably a good place to apply law of the case because of the interlocutory nature of the motion for

summary judgment that the Court has granted as to the TSA defendants, but also wondering whether if what the Court ought to do is - because basically had to decide this issue of the City of Albuquerque Defendant's -- their actions - whether the Court ought to just issue an opinion that largely moves over what it did for the TSA to the City of Albuquerque and then have the Plaintiff tell the Court why that is not appropriate.  Understand that they really may have nothing new to argue, was argued very extensively in the TSA motion, and if that is the case maybe the thing to do is try to get you a judgment out so that the parties can get this up to the Tenth Circuit as soon as possible.  As to the motion to amend, certainly will need to consider that - was not too excited about the new claims, but certainly need to work through the issues there.  CRD has also provided the Court with the Plaintiff's motion to take judicial notice of some things - have not had a chance to review that, so if there are some things there that we need to discuss, then we can in connection with this hearing.

**Mr. Baker:**  Argues in support of motion.

**11:11 a.m.  Mr. Martin:**  Argues regarding motion.

**11:13 a.m.  Mr. Simpich:**  Argues in response in opposition to motion to dismiss and in support of motion to amend.

**11:21 a.m.  Mr. Martin:**  No further argument on motion.

**11:22 a.m.  Mr. Baker:**  Argues in reply in support of motion to dismiss and in opposition to motion to amend.

**11:25 a.m.  Court:**  Grants Plaintiff's motion to take judicial notice - if defense wishes to say anything further re: same can submit letter; inclined not to use law of case doctrine here and just say have decided all these issues and enter a judgment for the City Defendants, but do think have done a lot of the heavy lifting and deep plowing already - think hear Plaintiff acknowledging same to a large degree, but they are saying they do want the Court to focus particularly on the First Amendment issue again and look at some of the facts they are highlighting as far as the City Defendants - so inclined to do that.  Not thinking that that changes analysis in finding that Plaintiff has not stated a claim of constitutional violation against the City Defendants, so think

result is going to be the same, but do think need to separately analyze it so parties may get an opinion that is just about as long as that on TSA Defendants, but will just be incorporating large chunks of what have done already over into opinion on this motion, and then take up some of the arguments that the partes are wanting the Court to focus on, particularly in the First Amendment area, again -- or not maybe again, but focus on those in this opinion - so this opinion will differ there.  As have said, do not think it changes Court's fundamental analysis here that the Complaint does not state a First Amendment Complaint, but do want to take this separately and evaluate it independently.  As far as motion to amend, agrees was not filed in appropriate manner, but believe should address claims and determine if viable, as would allow amendment to add those - impression at this point is that given what have said on the First and Fourth Amendment claims are not going to be viable - probably would not allow declaratory judgment in those sorts of things.  So will probably address those additional claims, but probably what the parties will get is a lengthy opinion that has a lot of the prior rulings incorporated into it and then addressing specifically these new claims - think end result is the Court will issue an opinion that is going to grant the motion to dismiss, probably with a final judgment, and then the parties can head to the Tenth Circuit.  Will look at judicial notice/ Department of Justice statements, take the arguments that Mr. Simpich has asked the Court to focus on this go around and go from there.

**Mr. Martin:** Addresses Court as to judicial notice - usually see Fed.R.Evid. 201 context going to facts - not familiar with taking judicial notice of a pleading of some sort - perhaps just looking for a different change in terminology.

**Court:** Granting motion for judicial notice means will read and deal with in opinion going to issue.

Counsel indicate is fine.

**Court:** Anything further?

Counsel indicate there is not.

**COURT IN RECESS:**     11:31 a.m.